IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIGUEL LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-04-4827 |
| | § | Criminal Action No. H-01-657 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is the Motion to Vacate, Set Aside or Correct Sentence (Civil Document #1, Criminal Document #31) and Motion to Set Aside Sentence (Criminal Document #37) filed by Miguel Lopez as well as the Motion to Dismiss (Criminal Document #36) filed by the United States of America.  Having considered the motions, submissions, and applicable law, the Court determines Miguel Lopez's motion to vacate the sentence should be denied and the Government's motion to dismiss should be granted.

## BACKGROUND

On August 27, 2001, Miguel Lopez was indicted in the Houston Division of the Southern District of Texas on two counts.  Count one charged Lopez with possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 18 U.S.C. § 2.  Count two charged Lopez

with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 21 U.S.C. § 846. Pursuant to a written plea agreement, Lopez pleaded guilty to count two on October 18, 2001.

On January 11, 2002, Lopez was sentenced to 120 months incarceration in the United States Bureau of Prisons, three years supervised release, and a mandatory special assessment of one-hundred dollars. Judgment was entered by the district clerk on January 17, 2002. Lopez filed no direct appeal of his conviction or sentence.

On December 15, 2004, Lopez filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255; Lopez's motion was entered by the district clerk on December 27, 2004. The government answered and moved to dismiss Lopez's petition on March 7, 2005. Subsequently, on March 17, 2005, Lopez filed a traverse motion to his § 2255 petition raising *Blakely* and *Booker-FanFan* issues in his petition to vacate, set aside or correct his sentence; this motion was entered by the district clerk on March 23, 2005.

## STANDARD OF REVIEW

A petition to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 must clear a "significantly higher hurdle" than would be required on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). This higher hurdle requires the petitioner

to show "cause" excusing the failure to directly appeal and "actual prejudice" resulting from the claimed errors. *Id.* at 167; *see also United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). Furthermore, a § 2255 motion is reserved for constitutional or jurisdictional transgressions and other such issues the defendant cannot raise on appeal, which left unfixed would result in miscarriage of justice. *Acklen*, 47 F.3d at 741; *see also United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## LAW & ANALYSIS

A.   Waiver

As a part of his written plea agreement, Lopez agreed to waive his right to directly appeal or collaterally attack his sentence unless the judge upwardly departed from the established guideline range without a request from the government. Guilty pleas and the waivers included in those pleas will be upheld "if entered into knowingly, voluntarily and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000) (citing *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995)). Furthermore, declarations made in open court carry a strong presumption of truth. *Moya v. Estelle*, 696 F.2d 329, 332 (5th Cir. 1983) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Those declarations, especially when related to the plea agreement and waiver, are a "formidable barrier" to collateral attack by the defendant. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998); *see also United States v. Wilkes*, 20 F.3d 651,

653 (5th Cir. 1994) (holding "an informed and voluntary waiver of post-conviction relief is effective to bar such relief").

At his rearraignment on October 18, 2001, the Court made several inquiries of Lopez regarding his plea agreement. In response to the Court's questioning, Lopez stated he understood the details of his plea agreement, including the waiver of his right to appeal or collaterally attack his sentence, understood the terms of the plea agreement, and had not been threatened or coerced into pleading guilty. Based on the record, the Court found Lopez was mentally competent and voluntarily entered into the plea agreement; Lopez then signed the plea agreement in court with his attorney. Lopez's oral statements and actions in open court demonstrate he voluntarily entered into his plea agreement, which waived his right to collaterally attack his sentence. Therefore, the Court finds Lopez's waiver bars the instant petition for relief under 28 U.S.C. § 2255.

B.   Statute of Limitations

In 1996, via the Anti-Terrorism and Effective Death Penalty Act, Congress added a one-year statute of limitations to a defendant's ability to collaterally attack his sentence under 28 U.S.C. § 2255. Anti-Terrorism and Effective Death Penalty Act, Pub. L. 104-032, § 105, 110 Stat. 1214 (1996); 28 U.S.C. § 2255 (2000). A defendant now has one year from the date his conviction becomes final to petition the court to

vacate, set aside or correct his sentence. 28 U.S.C. § 2255. In general, a conviction becomes final when deadlines for filing direct appeal expire. *United States v. Mitchell*, No. Crim. A. 98-262, 2001 WL 536294, at *2 (E.D. La. May 16, 2001). More specifically, the one-year period begins to toll when the deadline expires for filing a petition to the Supreme Court for certiorari review. *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *see also Clay v. United States*, 537 U.S. 522, 525 (2003) (holding a "conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

A criminal defendant must file notice of direct appeal within ten days after entry of the judgment of the district court. FED. R. APP. P. 4(b)(1)(A). Furthermore, Supreme Court Rule 13.1 requires petitions for certiorari review to be filed within ninety days of affirmation of conviction by the appellate court. SUP. CT. R. 13.1. This ninety-day deadline applies even if the defendant never sought direct appeal to the circuit court. *Gamble*, 208 F.3d at 537.

Here, final judgment was entered by the district clerk on January 17, 2002. Thus, Lopez's notice of direct appeal would have had to been filed by January 27, 2002. Further, under the Supreme Court Rules, the deadline for petitioning for

certiorari expired on April 27, 2002. Lopez failed to meet either deadline.[1]

Because Lopez failed to file a direct appeal of his conviction within the time required by the rules, his conviction became final after expiration of those deadlines. The one-year statute of limitations for a § 2255 petition began tolling, at the latest, on April 27, 2002. Lopez did not file his collateral attack until December 15, 2004, which is one year and seven months after the statute of limitations expired on April 27, 2003. Therefore, Lopez's petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is outside the applicable statute of limitations and is untimely.

C.   Ineffective Assistance of Counsel

Despite Lopez's waiver of collateral attack and untimely filing, the Court will address Lopez's substantive claims. In his § 2255 petition, Lopez argues he was denied effective assistance of counsel in three areas.[2] First, Lopez complains his attorney failed to ask for a United States Sentencing Guideline § 3B1.2 Mitigating Role adjustment because Lopez claims he was merely a "mule" in the conspiracy. Second, Lopez complains his attorney failed to object to the drug quantity used to calculate his offense level under the Sentencing Guidelines. Finally, Lopez complains his attorney

---

[1] These are not surprising omissions considering Lopez expressly waived his right to direct appeal in his plea agreement.

[2] Lopez claims he brought the following issues to his attorney's attention, who then failed to raise them with the Court.

failed to object to the Criminal History Category enhancement imposed by the Court.[3]

To begin, Lopez attempts to raise sentencing issues in the guise of ineffective counsel complaints. Sentencing issues, however, are properly raised on direct appeal and not collateral attack. *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Furthermore, ineffective counsel claims can only survive a waiver of appeal and collateral attack if the ineffective counsel claims are related to the plea and waiver themselves. *United States v. White*, 307 F. 3d 336, 343 (5th Cir. 2002) (holding "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."); *cf. United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995) (holding a defendant retains his right to appeal despite a waiver if ineffective assistance of counsel tainted the waiver). In other words, where a defendant voluntarily waives his right to collaterally attack his sentence, any claims of ineffective counsel must concern his attorney's performance with regard to recommending and encouraging the plea agreement. In the instant case, Lopez makes no such claims. His ineffective counsel claims complain of technical applications of the Sentencing Guidelines, which are issues for direct appeal. *Faubion*,

---

[3] As to his last complaint, the Court did not increase Lopez's Criminal History Category. Because he had no prior criminal history, Lopez was sentenced under Criminal History Category I, so his argument is unfounded and without merit.

19 F.3d at 233. Lopez makes no complaint of his attorney's recommendations and performance regarding his plea and waiver.

Notwithstanding, the Court will address Lopez's substantive claims. To succeed on an ineffective assistance of counsel claim, Lopez must prove his attorney's performance was (1) so deficient that the performance violated Lopez's Sixth Amendment rights and (2) the deficiency prejudiced the outcome of his trial. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Deficiency is measured by an "objective standard of reasonableness," and a court must make every effort to avoid the traps of hindsight. *Id.* at 669. Furthermore, Lopez must overcome a strong presumption his attorney's performance was reasonably adequate. *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996); *see also Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994).

In general, the transcript of Lopez's rearraignment demonstrates that Lopez was satisfied with his attorney's performance. Lopez affirmed for the Court he had had sufficient time to consult with his attorney and he was satisfied with the explanations and services his attorney had provided. In light of Lopez's open satisfaction with his attorney, though, the Court must inquire whether it was objectively reasonable for Lopez's attorney not to raise the mitigating factor of a minor role participant reduction in his offense level. An attorney's failure to object to issues in a presentence report has

been found to fall below an objective standard of reasonableness. *Givens v. Cockrell*, 265 F.3d 306, 310 n.4 (5th Cir. 2001) (citing *Spriggs v. Collins*, 993 F.2d 85, 89-90 (5th Cir. 1993)). Based on the probation office's investigation, it was recommended that Lopez not be given either an aggravating or a mitigating role adjustment. At sentencing, neither Lopez nor his attorney objected to the probation office's findings. The Court notes Lopez had already received a Sentencing Guidelines § 5C1.2 safety valve reduction of two offense levels and a Sentencing Guidelines § 3E1.1 reduction of three levels for acceptance of responsibility.[4] However, Lopez offers no evidence to the Court that would indicate he was eligible for a mitigating role adjustment under the Sentencing Guidelines. *See Nixon v. Epps*, 405 F.3d 318, 325 (5th Cir. 2005) (indicating a defendant should inform his attorney regarding any mitigating circumstances or evidence). Lopez also offers no evidence to show this was objectively unreasonable given the facts and circumstances of his case. Lopez's

---

[4] Under § 5C1.2 of the Sentencing Guidelines, a defendant is entitled to a two point reduction in his offense level if he has no criminal history, did not use violence, did not cause serious bodily injury or death, was not an organizer or manager of the criminal operation, and cooperated fully with the Government's investigation. *See* U.S. Sentencing Guidelines § 5C1.2 (2001). Under § 3E1.1 of the Sentencing Guidelines, a defendant is entitled to a two point reduction in his offense level if he accepts responsibility for his criminal actions and is entitled to a further one point reduction in his offense level if he pleads guilty to the charges, thereby allowing the Government to conserve resources by not having to prepare for a trial, and provides the Government with complete information about his involvement in the crime. *See* U.S. Sentencing Guidelines § 3E1.1 (2001).

conclusory allegations are insufficient to support his constitutional claims. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

Assuming *arguendo* Lopez's attorney's performance was deficient, Lopez cannot prove this deficiency would have changed the outcome of his sentencing. The prejudice prong of the *Strickland* test requires the defendant to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 669. Stated differently, an attorney's performance must be so deficient that but for the deficiency, the sentence given to the defendant would have been less. *Id.* at 669; *see also Spriggs*, 993 F.2d at 87 (affirming the "but for" standard in second prong of *Strickland* test).

Lopez would have received a two point reduction in his offense level if the mitigating role adjustment would have been granted, which would have taken the Court to a 87-108 month guideline range instead of the 108-135 month guideline range used in the sentencing. However, Lopez cannot establish with any degree of certainty that his request would have been granted. He is unable to establish a reasonable probability that his sentence would have been less harsh. *United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995). In other words, Lopez cannot use a hindsight possibility of discretion to prove that his attorney's performance certainly prejudiced the outcome. In making this claim, Lopez essentially asks the Court to decide with certainty the

outcome of a possible discretionary decision in the past. Lopez argues the Court would have abused its discretion in denying the mitigating role adjustment. The Court disagrees and determines Lopez is unable to establish both prongs of the *Strickland* test on this issue.

In addition to the mitigating role issue, Lopez also claims ineffective assistance of counsel because his attorney failed to object to the drug quantity used to calculate the offense level. Although it is unclear from Lopez's petition what he is referring to, the Court assumes Lopez refers to the weight calculation of 25 pounds of methamphetamine used in his sentence calculation. While the record is unclear as to the exact amount of methamphetamine actually seized and tested by the Government, the transcript of Lopez's rearraignment states the Drug Enforcement Administration's analysis of the seized drugs yielded positive for 7,515 grams of methamphetamine. According to the measurement conversion table in the United States Sentencing Guidelines, one pound equals 453.6 grams. U.S. Sentencing Guidelines § 2D1.1(c), Commentary (2001). Accordingly, 7,515 grams equals only 16.6 pounds. Hence, Lopez likely complains he was held accountable for 25 pounds of methamphetamine while the government can only prove it seized 16.6 pounds.

Even if this is the discrepancy Lopez refers to in his § 2255 petition, it would not change the outcome of Lopez's sentencing. Lopez was sentenced at offense level 36

for his involvement in a crime involving more than five kilograms, but less than fifteen kilograms of methamphetamine. § 2D1.1(c). According to the measurement conversion table, 25 pounds equals 11,340 grams, which equals roughly 11 kilograms. § 2D1.1(c), Commentary. The 7,515 grams, or 16.6 pounds, referred to in the transcript of the rearraignment equals roughly 7.5 kilograms. Therefore, the difference complained of would not have made a difference in Lopez's sentence.[5] So even if Lopez could prove his attorney's performance was deficient in failing to object to the drug quantity, it absolutely would not have changed the sentence imposed because the guideline range used would have been the same. Therefore, Lopez fails to meet the parameters of the *Strickland* test.

D.   *Booker* Sentencing Claims

In addition to his ineffective assistance claims, Lopez filed a traverse motion to his initial § 2255 petition raising *Booker* issues. Although it is unclear from his motion exactly what Lopez requests, the Court will assume *arguendo* Lopez complains generally of his 120 month sentence and of his failure to receive the mitigating role adjustment. In other words, the Court assumes Lopez complains that, if *Booker* were applied to his case, the Court would have had greater discretion to downward depart

---

[5] In other words, 7.5 kilograms would have put Lopez in the same offense level of 36 as 11 kilograms.

to a different guideline range.

*United States v. Booker*, 125 S. Ct. 738, 756 (2005), held the mandatory nature of the United States Sentencing Guidelines violated the guarantees of the Sixth Amendment. The Court accordingly decided that although the sentencing court must still consider the Guidelines, they are to be only advisory and not mandatory. *Id.* at 757. Moreover, the Court made the *Booker* holding applicable to all cases pending on direct review. *Id.* at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314 (1987)).

Here, Lopez asks the Court to consider a hypothetical situation the *Booker* decision may or may not have created in his sentencing. In other words, Lopez again asks the Court to predict the decision it would have reached had the Guidelines been advisory and not mandatory. This argument essentially requires the Court to decide whether, in its discretion, it would have granted Lopez greater leniency. In general, the Court finds this hypothetical-leniency argument without merit. At Lopez's sentencing, the Court stayed within the guideline range. The Court did not upward depart to a higher guideline range or go outside the statutory maximum. Lopez, therefore, fails to persuade the Court that *Booker* would have made any difference in his sentence.

Even if the Court concedes Lopez's sentencing might have been different had the Guidelines been merely advisory, Lopez's traverse motion is still without merit because the *Booker* decision does not apply retroactively to cases on collateral review. *In re*

13

*Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005) (holding "the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review."); *see also Booker*, 125 S. Ct. at 769 (holding that the decision of the court is applicable to all cases pending on direct review). It is furthermore irrelevant that Lopez's § 2255 petition was pending at the time *Booker* was decided. Because *Booker* was decided in the context of a direct appeal and applies retroactively only to direct appeal cases pending at the time of the decision, Lopez cannot claim protection under *Booker* because his petition is one for collateral review. *Booker*, 125 S. Ct. at 669; *see also Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005). Lopez, in fact, never raised a direct appeal, which likely resulted from Lopez's plea agreement wherein he waived his right to appeal and collaterally attack his sentence. Thus, the Court determines the outcome of Lopez's sentencing would likely have been the same even in light of *Booker*, and Lopez's *Booker* argument is moot because the decision does not apply retroactively to cases pending on collateral review.

## CONCLUSION

Overall, Miguel Lopez's petition to correct his sentence lacks merit. First, Lopez voluntarily and knowingly waived his right to appeal or collaterally attack his sentence in his plea agreement. Second, Lopez filed his § 2255 petition over one year after the statute of limitations expired. Third, Lopez's ineffective assistance of counsel

claims fail.  His ineffective assistance claims were truly sentencing claims disguised as ineffective counsel claims, so they are therefore not proper for collateral attack.  Moreover, his ineffective counsel claims do not involve his plea or waiver so cannot survive his waiver of collateral attack.  Also, neither Lopez's mitigating role adjustment claim or drug quantity claim pass the *Strickland* standard and are therefore denied by the Court.   Finally, Lopez's *Booker* claims fail because he can prove no difference in his sentence post-*Booker*, and, more importantly, *Booker* does not apply retroactively to Lopez's collateral attack.  Accordingly, the Court hereby

ORDERS that Miguel Lopez's Motion to Vacate, Set Aside or Correct Sentence (Civil Document #1, Criminal Document #31) and Motion to Set Aside Sentence (Criminal Document #37) are DENIED.  The Court further

ORDERS that the Government's Motion to Dismiss (Criminal Document #36) is GRANTED.

SIGNED at Houston, Texas, on this  13th  day of June, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge